WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

GEORGE LUIS HERRERA,          )
                              )
              Petitioner,     )     No. CIV 00-226 PHX RCB
                              )
         vs.                  )          O R D E R
                              )
SAM SUBLETT and GRANT WOODS    )
                              )
              Respondents.    )
_____)

     On February 7, 2000, Petitioner George Luis Herrera filed a
Petition for Writ of Habeas Corpus.  Mot. (doc. # 1).  On November
22, 2002, the Court issued an order denying the petition as
untimely under the one-year limitations period of the Anti-
Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Order
(doc. # 21).  Judgment was entered the same day.  J. (doc. # 22).
Shortly thereafter, Petitioner attempted to appeal the denial of
his petition.  Notice of Appeal (doc. # 25).  Both this Court and
the Ninth Circuit denied Petitioner's request for a certificate of

1  appealability.[1]  Orders (doc. ## 24, 26).  Petitioner subsequently

2  filed the present motion for reconsideration pursuant to Rule 60(b)

3  of the Federal Rules of Civil Procedure.  Mot. (doc. # 27).  Having

4  carefully considered the arguments raised, the Court now rules.

5  **I.  DISCUSSION**

6     Due to the passage of more than three years since judgment was

7  entered, and since the Ninth Circuit's denial of his request for a

8  certificate of appealability, Petitioner's motion is untimely under

9  Rule 60(b).  Motions under Rule 60(b)(1), (2) and (3) must be made

10 at the latest within one year after entry of judgment, which has

11 already lapsed in this case.  Motions under Rule 60(b)(4), (5) and

12 (6) must be made within a "reasonable time," which is determined

13 based on the facts of each case.  See <u>United States v. Holtzman</u>,

14 762 F.2d 720, 725 (9th Cir. 1985).  In consideration of the

15 interest in finality, the prejudice to Respondents of disturbing

16 the judgment, and the absence of exceptional circumstances, the

17 Court finds that the delay of more than three years is not, in this

18 case, a reasonable time for purposes of Rule 60(b).

19    More importantly, Petitioner's motion does not raise any

20 grounds that would warrant relief from judgment under Rule 60(b).

21 The decision to grant or deny a motion for reconsideration is left

22 to the sound discretion of the trial court.  See <u>Sch. Dist. No. 1J,</u>

23 <u>Multnomah County v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir.

24 1993).  Such motions are disfavored and, absent exceptional

25 circumstances, are generally only appropriate "if the district

26

27 _____

28    [1] A certificate of appealability must issue before an appeal may
   be taken from a final order denying habeas relief.  28 U.S.C. §
   2253(c); Fed. R. App. P. 22(b).

1 court (1) is presented with newly discovered evidence; (2)
2 committed clear error or the initial decision was manifestly
3 unjust; or (3) if there is an intervening change in controlling
4 law." Id. In order to prove that the Court committed clear error,
5 Petitioner must demonstrate that the Court's action fell clearly
6 outside the bounds of its authority. See McDowell v. Calerdon, 197
7 F.3d 1253, 1256 (9th Cir. 1999). If the propriety of the Court's
8 judgment is a debatable question, there is no clear error and the
9 motion to reconsider is properly denied. Id.

10     In this case, Petitioner essentially argues that the Court
11 committed clear error in finding his federal habeas petition time-
12 barred under the AEDPA. Mot. (doc. # 27). Petitioner claims that
13 his state petition for post-conviction relief was filed in October
14 of 1997, not 1998, rendering his federal habeas petition timely
15 under the statutory tolling provision of 28 U.S.C. § 2244(d)(2).
16 See id. Interestingly, Petitioner never disputed the date of
17 filing when the issue was first raised in Respondents' answer. See
18 Answer (doc. # 9) at 5-7; Answer (doc. # 9A) Ex. N; Resp. (doc. #
19 12) at 1-4. Indeed, Petitioner accepted the factual background set
20 forth in the magistrate judge's Report and Recommendation ("R&R"),
21 which indicated a filing date in October of 1998, not 1997, for his
22 state petition. See Objections (doc. # 19) at 1; R&R (doc. # 18)
23 at 2-3. In view of these facts, it appears that Petitioner is
24 dissembling in belatedly disputing the issue on his present motion.

25 **II.  CONCLUSION**

26     Petitioner's motion for reconsideration is untimely, and, in
27 any event, fails to assert any grounds that would warrant relief
28 under Rule 60(b).

Therefore,

IT IS ORDERED that Petitioner's motion for reconsideration (doc. # 27) is DENIED.

IT IS FURTHER ORDERED that Petitioner's motion for status (doc. # 28) is DENIED and dismissed as moot.

DATED this 1st day of December, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and Petitioner pro se

- 4 -