1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| GEORGE LUIS HERRERA,           )<br>                                )<br>          Petitioner,          )<br>                                )<br>     vs.                        )<br>                                )<br>SAM SUBLETT and GRANT WOODS,    )<br>                                )<br>          Respondents.          )<br>_____) | No. CIV 00-226 PHX RCB<br><br>O R D E R |

On February 7, 2000, Petitioner George Luis Herrera filed a Petition for Writ of Habeas Corpus. Mot. (doc. # 1). On November 22, 2002, the Court issued an order denying the petition as untimely under the one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Order (doc. # 21). Shortly thereafter, Petitioner attempted to appeal the denial of his petition, see Notice of Appeal (doc. # 25), but this Court and the Ninth Circuit both denied Petitioner's request for a

certificate of appealability.[1]  Orders (doc. ## 24, 26).

On July 13, 2006, Petitioner filed a Rule 60(b) motion for reconsideration, Mot. (doc. # 27), which the Court denied on December 4, 2006, Order (doc. # 29).  On December 15, 2006, Petitioner filed a timely notice of appeal with this Court.  Notice of Appeal (doc. # 31); see Fed. R. App. P. 4(a)(1)(A), 4(c)(1).  Currently before the Court is Petitioner's motion requesting the status of his appeal. Mot. (doc. # 32).  The motion will be granted to the extent that the status of Petitioner's appeal is resolved as set forth in this Order.

The Court's docketing staff has inquired whether a Certificate of Appealability ("COA") will issue so that this matter may be submitted to the United States Court of Appeals for the Ninth Circuit.  Ordinarily, a COA must issue before an appeal may be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."  28 U.S.C. § 2253(c)(1).  In at least one instance, the COA requirement has been applied to an appeal taken from the denial of a Rule 60(b) motion.  See Ortiz v. Stewart, 195 F.3d 520, 520-21 (9th Cir. 1999).  However, in that case, the petitioner's Rule 60(b) motion "[was] subject to the COA requirement only because [the court] found that the motion[] had to be construed as [a] successive habeas petition[]."  United

---

[1] A certificate of appealability must issue before an appeal may be taken from a final order denying habeas relief.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

1  States v. Kwan, 407 F.3d 1005, 1010 (9th Cir. 2005)
2  (explaining Ortiz); see also Ortiz, 195 F.3d at 520-21.
3  Therefore, in deciding whether Petitioner's appeal from the
4  denial of his Rule 60(b) motion (doc. # 27) should be subject
5  to the COA requirement, the decisive inquiry is whether that
6  motion constituted a successive petition under 28 U.S.C. §
7  2244(b).
8      On facts virtually identical to the present case, the
9  Supreme Court held that a state prisoner's Rule 60(b) motion
10 did not warrant treatment as a successive petition where the
11 motion only challenged the district court's statute of
12 limitations ruling that precluded a decision on the merits of
13 the original petition.  See Gonzales v. Crosby, 545 U.S. 524,
14 535-36 (2005) ("Because petitioner's Rule 60(b) motion
15 challenges only the District Court's previous ruling on the
16 AEDPA statute of limitations, it is not the equivalent of a
17 successive habeas petition.").  Similarly, in the present
18 case, rather than construing and denying Petitioner's motion
19 (doc. # 27) as an unauthorized successive petition, the Court
20 denied Petitioner's motion on its merits as a Rule 60(b)
21 motion, as it challenged only the Court's earlier
22 determination with respect to the AEDPA's statute of
23 limitations bar and did not revisit or raise any arguments
24 for vacating or modifying Petitioner's sentence.  Cf. Crosby,
25 545 U.S. at 534 (explaining "that a Rule 60(b) motion that
26 seeks to revisit the federal court's denial on the merits of
27 a claim for relief should be treated as a successive habeas
28 petition").  Because Petitioner's Rule 60(b) motion (doc. #

27) did not revisit the merits of the claims asserted in his original petition, or raise new claims that could have been asserted in the same petition, it was properly ruled upon as Rule 60(b) motion, and, as such, is not subject to the COA requirement of 28 U.S.C. § 2253(c)(1).  See Kwan, 407 F.3d at 1010.  The Clerk of the Court will therefore be directed to notify the United States Court of Appeals for the Ninth Circuit of the notice of appeal in this matter (doc. # 31), and to submit the certificate of record in conformance with Circuit Rule 11-2.

**IT IS THEREFORE ORDERED** that Petitioner's motion requesting the status of his appeal (doc. # 32) is GRANTED to the extent that the status of his appeal is as set forth in this Order.

IT IS FURTHER ORDERED directing the Clerk of the Court to notify the United States Court of Appeals for the Ninth Circuit of the notice of appeal (doc. # 31) in this matter, and to submit the certificate of record in conformance with Circuit Rule 11-2.

DATED this 29th day of March, 2007.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and Petitioner pro se

-4-